# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY LOUIS HINES,<br><br>    Petitioner,<br><br>v.<br><br>PAUL COPENHAVER,<br><br>    Respondent. | Case No. 1:14-cv-00861-SMS HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 FOR LACK OF JURISDICTION |

On June 6, 2014, Petitioner Corey Louis Hines filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, who challenges a sentence imposed by the U.S. District Court for the Eastern District of Missouri and affirmed by the U.S. Court of Appeals for the Eighth Circuit (*United States v. Hines*, 472 F.3d 1038 (8th Cir.), *cert. denied*, 552 U.S. 900 (2007)), acknowledges that his previous attempts to overturn his sentence under 28 U.S.C. §2255, and later under §§ 2241 and 2244, have been unsuccessful but contends that he can bring this successive petition under § 2241 since his remedy under §2255 is otherwise inadequate or ineffective. *See Hines v. United States*, 2008 WL 1967504 (E.D. Mo. May 1, 2008) (No. 4:07CV1884 HEA) (denying motion for post-conviction relief under § 2255); *Hines v. United States*, 2009 WL 3514491 (E.D. Mo. Oct. 29, 2009) (No. 4:09CV1236 HEA) (denying petition for writ of habeas corpus under

1

§ 2241); *Hines v. United States*, 2010 WL 1817779 (E.D. Mo. May 4, 2010) (No. 4:07CV1884 HEA) (denying Petitioner's fifth successive motion under § 2255).

Generally, federal prisoners may not attack their conviction or sentence pursuant to § 2241, which is normally limited to challenges to the execution of a sentence. *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). In rare instances, however, a federal prisoner may attack his conviction or sentence pursuant to § 2241 by invoking the savings clause of § 2255, which provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e).

The italicized language, commonly referred to as a savings clause or an escape hatch, permits a federal prisoner to challenge his federal conviction by way of a § 2241 petition if he establishes that the remedy provided under § 2255 is inadequate or ineffective. *See United States v. Hayman*, 342 U.S. 205 (1952). "[A] § 2241 petition is available under the "escape hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner in this case does not argue actual innocence or claim that he has not had an unobstructed procedural shot at bringing his sentencing claim. He argues simply that he has run out of other procedural avenues by which he can again appeal his sentence:

> [Section] 2255 is inadequate and ineffective because my initial 2255 was denied. I've submitted multiple motions attacking the legality of my sentence, etc., that were construed to be motions pursuant to 2241 or 2244 and thus denied. When I finally did submit a 2244(b)(3)(A) petition it was denied—thus leaving me no other vehicle to present my contentions.

Doc. 5 at 5.

///

"The general rule in this circuit is that the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective.'" *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) (quoting 28 U.S.C. § 2255).  That Petitioner's many prior attempts to set aside his sentence under § 2255 have failed does not make § 2255 inadequate or ineffective: it means the District Court for the Eastern District of Missouri repeatedly found that Petitioner's sentencing claims lacked merit.  His remedy lay in an appeal to the Eighth Circuit: the Eighth Circuit affirmed the District Court's denial of post-conviction relief. *United States v. Hines*, 513 Fed.Appx. 633, 633-34 (8th Cir. 2013).

The Court hereby DISMISSES the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **August 27, 2014**              **/s/ Sandra M. Snyder**
                                             UNITED STATES MAGISTRATE JUDGE